# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/15/2020 11:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk
20STCV01803

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MIKE ROVNER CONSTRUCTION INC.; and DOES 1-20 Inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANDRES CARMONA-MORALES

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California - County of Los Angeles
Stanley Mosk Courthouse
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
20STCV01803

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rahul Sethi (SBN 238405) SETHI LAW FIRM Tel: (213) 254-2454
5015 Eagle Rock Blvd., Suite 202
Los Angeles CA 90041

DATE: 01/15/2020
*(Fecha)*

Sherri R. Carter Executive Officer / Clerk of Court
Clerk, by Candis Monroe , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Mike Rovner Construction, Inc.
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A
Page 1 of 13

Case 2:20-cv-02473-TJH-RAO Document 1-1 Filed 03/13/20 Page 3 of 14 Page ID #:8

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2020 11:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV01803
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Lia Martin

MEGAN BEAMAN (SBN 261539)
   *megan@beaman-law.com*
BEAMAN JACINTO LAW, P.C.
73733 Fred Waring Drive, Suite 203
Palm Desert, California 92260
T: (760) 698-9626

RAHUL SETHI (SBN 238405)
   *rsethi@sethilawfirm.com*
SETHI LAW FIRM
5015 Eagle Rock Blvd., Suite 202
Los Angeles, CA 90041
T: (213) 254-2454

Attorneys for Plaintiff, ANDRES CARMONA-MORALES

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| ANDRES CARMONA-MORALES,<br><br>   Plaintiff,<br><br>vs.<br><br>MIKE ROVNER CONSTRUCTION INC..;<br>and DOES 1-20, Inclusive,<br><br>   Defendants. | Case No.:<br><br>20STCV01803<br><br>**COMPLAINT**<br>1. **Wrongful Termination in Violation of Public Policy**<br>2. **FMLA Interference**<br>3. **FMLA Retaliation**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ANDRES CARMONA MORALES alleges:

### NATURE OF ACTION

1. This action is brought by an employee, Andres Carmona-Morales ("Mr. Carmona-Morales" or "Plaintiff"), against his former employer, Mike Rovner Construction, Inc., and Does 1-20 for wrongful termination of his employment; for Defendants' violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, including interference with and retaliation for Plaintiff's exercise of what was and/or should have been characterized as FMLA medical leave for

- 1 -

COMPLAINT

his own serious health conditions; and for various violations of the California Labor Code relating to Plaintiff's wages and hours of work.

**PLAINTIFF**

2. Plaintiff Andres Carmona Morales was at all times relevant was a resident of the State of California, County of Los Angeles, and was employed by Defendants in a carpenter position.

3. Plaintiff was an "eligible employee" within the meaning of the FMLA, and he was entitled to FMLA protection and rights. 29 U.S.C. § 2611(2). Plaintiff was eligible and entitled to protected leave without interference, entitled to job restoration at the conclusion of his leave, and he was entitled to be free from retaliation within the meaning of FMLA as he worked for Defendants for at least 12 months, and he worked at least 1,250 hours during the twelve months preceding the start of what should have been characterized as FMLA protected leave.

4. At all relevant times, Plaintiff's physical and mental conditions limited his ability to engage in major life activities such as working, sleeping, concentrating, and more, and/or required leaves of absence to attend follow-up or monitoring health care provider appointments for their residual effects.

5. At all relevant times, Plaintiff was capable of performing the essential functions of the job he held with and/or without reasonable accommodation.

**DEFENDANTS**

6. Defendant Mike Rovner Construction, Inc. at all times relevant was and is a corporation organized under the laws of the state of California, doing business under its own corporate name. Defendant engages in construction, and during all relevant times conducted business in Southern California locations, including in the Counties of Ventura and Los Angeles, with an office located at 5400 Tech Circle, Moorpark, CA 93021. Defendant is an employer within the meaning of applicable law.

7. Plaintiff is ignorant of the true names or capacities of the Defendants sued herein under the fictitious names of DOES 1 through 20, inclusive, and therefore sues said defendants

under such fictitious names. Plaintiff will amend this complaint to allege the true names or capacities of said Defendants once they have been ascertained.

8. Plaintiff is informed and believes and therefore alleges that Defendant and each of the fictitiously named Defendants are responsible in some manner for the occurrence alleged herein and that the damages alleged herein were proximately caused by their conduct

9. Upon information and belief, Defendants (and each of them) fall within the meaning of a "covered" employer under the FMLA. At all times relevant to this Complaint, Defendant had at least fifty employees working within a 75-mile radius of Plaintiff's work site.

10. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

11. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegation and reference shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally.

## GENERAL ALLEGATIONS

12. Mr. Carmona-Morales worked as a non-exempt carpenter for Defendants during all times relevant to this action, beginning in or about 2010. He generally worked full time for Defendants, and he performed skilled carpentry work in Defendants' construction of new buildings around Southern California.

13. Throughout Mr. Carmona-Morales's employment, Defendants frequently failed to authorize and permit half-hour lunch periods until beyond the fifth full hour of work.

14. Also throughout Mr. Carmona-Morales's employment, Defendants required him and other carpenters to provide their own tools and equipment for the benefit of the Defendants and for use in work performed by Mr. Carmona-Morales on Defendant's jobsites. Those tools and equipment included but are not limited to: drills, cables, saws, and virtually anything he would

1  need to perform his job for Defendants.  If any of those tools or equipment were lost, damages, or
2  rendered inoperative, it was Plaintiff's responsibility to repair or replace them at his own cost.
3  Defendants never reimbursed Mr. Carmona-Morales for those tools and equipment.

4      15.    Throughout Mr. Carmona-Morales's employment and for the last approximately six
5  months of his employment in particular, Defendants regularly required him and others to stay
6  beyond their scheduled eight hours of work.  Defendants did not compensate Mr. Carmona-
7  Morales or others for work performed beyond the eighth hour.  The timecards reflected exactly
8  eight hours of work regardless of the minutes or hours that Mr. Carmona-Morales and others
9  worked daily beyond the eighth hour.

10      16.    In early 2017, Mr. Carmona-Morales cut his nose at work and required medical
11  attention including stitches.  As a result, his doctor ordered him off work on medical leave for a few
12  days to recuperate, then to return to work with certain restrictions.

13      17.    Nonetheless, Defendants required that Mr. Carmona-Morales return to work the
14  day after the stitches, despite the doctor's order.  He obediently did so, despite his pain and fear of
15  reinjuring himself or impeding his recovery.

16      18.    From the point of that medical leave and onward, Defendants – particularly
17  through supervisor Isaac Pedraza – treated Mr. Carmona-Morales in a hostile and negative way, by
18  acts including but not limited to assigning him increasingly more workload and more difficult
19  work, expecting him to work faster than others, unjustifiably monitoring and scrutinizing his work,
20  treating him with disdain, and more.

21      19.    In approximately September 2017, Mr. Carmona-Morales told Pedraza that it wasn't
22  fair to treat him in such a negative way; in response, Pedraza became even more abusive.

23      20.    On or about October 16, 2017, Mr. Carmona-Morales suffered another workplace
24  injury, which caused immediate and serious pain to his back and waist area and required medical
25  attention.  About half an hour after the injury, he requested to Pedraza that the Defendants assist
26  him in obtaining medical care and permit him to leave work to do so.  In response, Pedraza became
27  angry and told him to find his own doctor.

28

21. Pedraza then called another supervisor, Mike, and told Mr. Carmona-Morales to meet the two of them in the onsite office. Mr. Carmona-Morales complied, and when he arrived at the office, he found Pedraza and Mike there waiting for him.

22. In that moment, Pedraza told Mr. Carmona-Morales that there was no more work for him anymore, without any other explanation. Mike said other things to Pedraza during the meeting, but Mr. Carmona-Morales was not able to understand them because Mike only speaks English and Mr. Carmona-Morales understands Spanish only.

23. Beginning in early 2017—the date of Plaintiff's nose injury—Defendants were expressly notified (including via written notice from Plaintiff's healthcare providers) of Plaintiff's physical condition and need for modified or light duty work, and need for medical leave.

24. Even though Mr. Carmona-Morales needed and requested medical treatment, medical leave, and modifications to his job to accommodate his physical condition caused by his injuries and resulting conditions, Defendants failed to accommodate him. Mr. Carmona-Morales continued working without the needed accommodations and medical leave following his nose injury and was terminated immediately after his second injury.

25. Additionally, Defendants never offered medical disability leave as a form of accommodation and never engaged in any interactive process with Plaintiff to determine what reasonable accommodation might be needed, appropriate, and/or feasible.

26. Defendants knew or had reason to know of Plaintiff's injuries and his resulting inability to do his assigned work without accommodation; they were also aware or reasonably should have known that as an alternative to modifications of his job assignments or assignment to light duty if such things could not reasonably be provided to him, that Plaintiff should have been allowed to exercise his right and entitlement to protected medical leave (whether under the FMLA, FEHA, or both) in order to rest and rehabilitate his injuries.

27. At no time did Defendants provide to Mr. Carmona-Morales information related to his rights under the FMLA, inform him of his rights to refuse modified or light duty in favor of taking FMLA medical leave, nor suggest to Mr. Carmona-Morales that he was entitled to FMLA

medical leave as an alternative to termination so as to allow him opportunity for rest and rehabilitation for his injuries and thus allow him to return to work at the conclusion of his leave.

28. As a result of Defendants' conduct, Mr. Carmona-Morales has suffered and continues to suffer substantial harm and damage, including emotional harm.

29. As a result of his loss of employment and Defendants' acts, Mr. Carmona-Morales has suffered and continues to suffer substantial economic harm, including lost income (back and front pay), lost employment benefits, out of pocket losses and special damages, and other economic losses (including all prejudgment interest thereon from the date of his termination to the date of judgment herein) to his detriment. As well, Mr. Carmona-Morales has suffered and continues to suffer significant emotional and mental impacts of Defendants' acts.

30. The factual circumstances giving rise to Plaintiff's claims, including acts and omissions of Defendants occurred in Los Angeles County among other locales.

## FIRST CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

31. Plaintiff re-alleges and incorporates by reference each preceding paragraph of this complaint as if fully set forth in this paragraph.

32. Defendants' termination of Plaintiff contravened substantial public policy embodied in codes, statutes, and regulations of the State of California prohibiting discriminatory termination, discrimination, harassment, and retaliation on the basis of an employee's disability or perceived disability, on the basis of an employee's requests or need for reasonable accommodation and medical leave, on the basis of the employee's initiation or anticipated initiation of a worker compensation claim, and/or on the basis of the employee's exercise of protected rights.

33. As a direct, foreseeable, and proximate result of Defendants' wrongful acts, Plaintiff has suffered special and general damages in an amount exceeding this court's minimum jurisdiction, to be determined according to proof at the time of trial.

34. Defendants' acts as herein described were committed maliciously, fraudulently, or oppressively with the intent of injuring Plaintiff, and/or in willful and conscious disregard of

Plaintiff's rights to work in an environment free from unlawful discrimination. Defendants' despicable, deliberate, and intentional acts entitle Plaintiff to recover punitive damages in a sum sufficient to punish and deter Defendants from future similar conduct.

## SECOND CAUSE OF ACTION

### FMLA Interference

### (Against All Defendants)

35. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in all the paragraphs above, to the extent they are not contradictory to the relief requested herein, as if fully set forth herein.

36. The FMLA, 29 U.S.C. §2612(a)(1) provides that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period in order to care for his serious health condition.

37. The FMLA also entitles a protected employee to reinstatement of his job, with comparable benefits, pay, terms and conditions of employment on return from FMLA leave as if he had not taken leave. 29 C.F.R. §825.214.

38. The FMLA further requires covered employers to provide their employees with several specific notices detailing their eligibility, entitlements, and responsibilities under the FMLA; failure to do so (in and of itself) may constitute interference with, restraint, or denial of an employee's rights under the FMLA. 29 C.F.R. §825.300.

39. Plaintiff was an eligible employee within the meaning of the FMLA, he was entitled to receive up to twelve (12) weeks of unpaid leave annually under the FMLA, including for his own serious health condition.

40. Defendants and each of them are "employers" within the meaning of the FMLA.

41. Plaintiff over the last two years of his employment gave Defendants notice of his need for medical leave, and Defendants knew or had reason to know he could not do his assigned work because of his serious health condition.

42. Among other things, Plaintiff's express notice to Defendants (including notice from his healthcare provider) made clear that if modified or light-duty work as meets his restrictions was

1  not available, then Plaintiff should have been allowed medical leave from work for his serious
2  health conditions.
3    43. Yet, Defendants expressly denied short medical leave for Plaintiff's nose injury and
4  simply terminated Plaintiff's employment instead of offering him FMLA leave to allow him to
5  recuperate, treat and recover from his serious back and waist condition.
6    44. The FMLA provides, "It shall be unlawful for any employer to interfere with,
7  restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter."
8  29 U.S.C. §2615(a)(1).
9    45. An employee may be granted FMLA leave concurrent with a workers' compensation
10 claim for a serious illness the employee suffers as a result of an on-the-job injury.
11   46. Further, notwithstanding that no light-duty or modified work was offered, Plaintiff
12 was entitled to refuse light-duty/modified work and retain his FMLA leave rights – yet, Defendants
13 never offered him this information nor any option for FMLA leave.
14   47. If an eligible employee cannot perform his current job because of his own serious
15 health condition, his right to take FMLA leave is absolute.
16   48. If an employee elects light-duty in lieu of FMLA leave, the time he works in the
17 light-duty position cannot be counted against his 12-week FMLA allotment. 29 C.F.R. §825.207(e).
18   49. Once an employer acquires knowledge that an employee may need leave for an
19 FMLA-qualifying reason, then the employer must notify the employee of his eligibility to take
20 FMLA leave and the employer must also give notice to the employee of his rights and
21 obligations under the FMLA – these notices must be provided to the employee within five
22 business days of the employer's acquisition of the information. 29 C.F.R. § 825.300.
23   50. An employee is not required to formally request FMLA leave, nor must he even
24 mention the FMLA; rather, he must only provide sufficient information for his employer to
25 recognize that his need for leave and/or inability to do his assigned work may be FMLA-qualifying.
26   51. If the employee's information to the employer is in any way deficient, then it is
27 incumbent upon the employer to make further inquiry to determine the FMLA-qualifying nature
28 relating to Plaintiff's needs.

- 8 -

COMPLAINT

52. Defendants failed to comply with their affirmative obligations under the FMLA to recognize Plaintiff's need for protected leave and/or to make further inquiry concerning his FMLA needs, eligibility, and entitlements.

53. By each of the acts and omissions describe herein, Defendants unreasonably denied Plaintiff FMLA medical leave to which he was entitled, and they further discouraged Plaintiff from seeking the FMLA leave to which he was entitled.

54. Moreover, Defendants failed altogether to provide Plaintiff the requisite forms, notices, and information concerning Plaintiff's rights and responsibilities under the FMLA which was required of Defendants under the FMLA; such notices are strictly regulated under the FMLA in both content and timing of delivery.

55. Defendants' failure to provide requisite and timely FMLA information and notices - including notices of Plaintiff's FMLA eligibility, rights and obligations - is itself an interference with Plaintiff's FMLA rights to take protected leave. 29 C.F.R. § 825.300(e).

56. Defendants further subjected Plaintiff to harassment and intimidation regarding his request, need for, and use of time off for his own serious health conditions.

57. Defendants not only failed and refused to offer Plaintiff protected medical leave – electing instead to force him back to work immediately and, later, terminate his employment - but Defendants also failed in their obligations to restore Plaintiff to his job once FMLA leave was complete.

58. Further, and notwithstanding Plaintiff's medical documentation and specific requests, Defendants engaged in conduct casting a chilling effect upon Plaintiff's exercise of his FMLA rights, denied Plaintiff the FMLA-protected leave to which he was entitled, and further failed to take appropriate affirmative actions to determine whether the leave he took and/or needed in lieu of light-duty work or termination was or should have been qualified as FMLA-protected leave.

59. Defendants' actions, as set forth herein, constitute unlawful interference with Plaintiff's rights under the FMLA, including interference with his existing and his reasonably anticipated future leave needs.

- 9 -

COMPLAINT

60. Defendants' actions were willful and knowing; at the very least, Defendants knew or reasonably should have known that their actions constituted interference with Plaintiff's FMLA rights and entitlements – including (at the very least) his rights to notice and information concerning his FMLA rights and eligibility for protected leave in lieu of workers' compensation light or modified duty, and/or as an alternative to termination.

61. Under the FMLA, Plaintiff is entitled to a strong presumption in favor of awarding him liquidated damages equal to the sum of the amount of lost income, benefits value, and other actual monetary losses suffered by Plaintiff. 29 U.S.C. §2617(a)(1)(A).

62. Defendants lacked any objectively reasonable grounds to believe that their actions complied with the FMLA.

63. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income (back and front pay), and loss of other employee benefits, as well as emotional damages.

64. Plaintiff also incurred other harm, including out-of-pocket costs, special damages, and the loss of the value of his damages entitling him to prejudgment interest as provided for under the law. 29 U.S.C. §2617(a)(1)(A)(iii).

65. Plaintiff has also incurred attorney's fees and costs, as to which he is entitled to an award under the FMLA. 29 U.S.C. §2617(a)(3).

66. Defendants' conduct violated the FMLA, and as such, they are jointly and severally liable to Plaintiff for all damages, relief, and penalties to which he is entitled under the FMLA and such other and further relief as this Court deems appropriate.

## THIRD CAUSE OF ACTION

**FMLA Retaliation**

**(Against All Defendants)**

67. Plaintiff re-alleges and incorporates by reference all of the allegations set forth in all the paragraphs above, to the extent they are not contradictory to the relief requested herein, as if fully set forth herein.

68. In addition to interfering with Plaintiff's FMLA rights, as set forth above, Defendants also retaliated against him for requesting, needing, and use of what should have been characterized as protected FMLA leave rights.

69. For instance, Plaintiff's notices to Defendants and the notice from his healthcare provider to Defendants made clear that medical leave for his serious health conditions.

70. Plaintiff engaged in protected acts under the FMLA, in response to which Defendants retaliated against him with adverse acts, including Defendants' acts taken to dissuade Plaintiff from exercising his legal rights, and Defendants' termination of Plaintiff's employment.

71. When Defendants decided that not to grant Plaintiff medical leave following his nose injury and then decided to terminate him rather than providing him medical care or medical leave relating to his back injury, they were already on notice of their obligation to provide Plaintiff medical leave; had Plaintiff not needed FMLA leave and/or had he not provided Defendants sufficient information to trigger their further inquiry into his need for FMLA-qualifying leave, Plaintiff would not have been subjected to Defendants' adverse acts described herein – including termination.

72. Plaintiff's request and need for what should have been FMLA protected leave, and his readily anticipated need for future FMLA leave (and request therefor) was at least a motivating reason for Defendants' decision to terminate him.

73. Defendants' treatment of Plaintiff, and their termination of his employment constitutes retaliation for his having exercised his FMLA rights in violation of the FMLA, 29 U.S.C. § 2615.

74. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income (back and front pay), and loss of other employee benefits, as well as emotional damages.

75. Plaintiff also incurred other harm, including out-of-pocket costs, special damages, and the loss of the value of his damages entitling him to prejudgment interest as provided for under the law.

76.  Plaintiff has also incurred attorney's fees and costs, as to which he is entitled to an award under the FMLA.

77.  Defendants' conduct violated the FMLA, and as such, they are jointly and severally liable to Plaintiff for all damages, relief, and penalties to which he is entitled under the FMLA and such other and further relief as this Court deems appropriate.

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

A.  For compensatory damages;
B.  For injunctive relief and declaratory relief;
C.  For punitive damages in an amount sufficient to punish and deter;
D.  For attorney fees;
E.  For costs of suit incurred;
F.  For prejudgment interest;
G.  For such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ANDRES CARMONA MORALES hereby demands trial by jury.

Dated:  January 15, 2020

BEAMAN JACINTO LAW, P.C.
SETHI LAW FIRM

By _Rahul Sethi_
    Megan Beaman
    Rahul Sethi
Attorneys for Plaintiff,
ANDRES CARMONA MORALES

- 12 -
COMPLAINT